**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

MAY 23 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH WILLIAM SHERMAN, | No. 23-70161 |
| Petitioner-Appellant, | Tax Ct. No. 22276-19 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted May 21, 2025**

Before:     SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Joseph William Sherman appeals pro se from the Tax Court's order,

following a bench trial, upholding the Commissioner of Internal Revenue's

determination of an income tax deficiency and imposition of penalties against him

for tax year 2015.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We review

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo the Tax Court's legal conclusions and for clear error its factual findings. *Cooper v. Comm'r*, 877 F.3d 1086, 1090 (9th Cir. 2017).  We affirm.

The Tax Court did not clearly err in finding that Songswell was not an activity engaged in for profit and therefore Sherman was not entitled to take income tax deductions for expenses arising from that activity.  *See* 26 U.S.C. § 162(a) (allowing deductions for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business"); *id*. § 183(a), (c) (prohibiting deductions for activities "not engaged in for profit" and defining such activities); *Indep. Elec. Supply, Inc. v. Comm'r*, 781 F.2d 724, 726 (9th Cir. 1986) (listing nine "factors to be considered when ascertaining a taxpayer's intent" and explaining that "the focus of the test is . . . on the subjective intention of the taxpayer" and that "objective indicia may be cited to establish the taxpayer's true intent").

The Tax Court did not clearly err in sustaining the addition for failure to file a timely return for 2015.  *See* 26 U.S.C. § 6651(a)(1) (providing for penalties for failure to file a timely tax return absent a showing that "such failure is due to reasonable cause and not due to willful neglect").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including whether the Tax Court erred in denying claimed deductions for business expenses related to Sherman's medical practice and

2                                                                                                           23-70161

improperly assessed an addition for failure to pay the tax for 2015.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**